FILED
SUPERIOR COURT
OF GUAM
2018 FEB 12 PM 1: 27
CLERK OF COURT
By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0600-17 |
| vs. | DECISION AND ORDER |
| FRANK EDWARD PANGELINAN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 3, 2018, for hearing on Defendant Frank Edward Pangelinan's ("Defendant") Motion to Dismiss. Defendant was present and represents himself *pro se*. Attorney William B. Pole was also present on behalf of Defendant, as a second chair. Assistant Deputy Attorney General James C. Collins was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on January 31, 2018, the Court now issues the following Decision and Order GRANTING Defendant's Motion to Dismiss.

## BACKGROUND

On October 30, 2017, Defendant was indicted with the charge of Promotion of Major Prison Contraband (Communication Device) (As a Second Degree Felony). (Indictment, Oct. 30, 2017). Defendant is one of five defendants charged in this matter. The Indictment also charges Corina Lynn Blas Tedtaotao with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); Quiana Liberty Iglesias Manibusan with (1) Conspiracy to Promote

Major Prison Contraband (As a Second Degree Felony);[1] Raymond Torres Tedtaotao with (1) Promotion of Major Prison Contraband (Controlled Substance) (As a Second Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); and Paul Lynnwood Johnson with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) with an attached Special Allegation: Felony Committed While on Pre-Trial Felony Release. (Indictment, Oct. 30, 2017). According to the Declaration attached to the Magistrate's Complaint, the charge against Defendant is based on the discovery and confiscation of a cell phone and charging apparatus from his cell at DOC. (Decl. of James C. Collins, Magistrate's Compl., Oct. 20, 2017). Defendant is currently serving a life sentence without the possibility of parole at DOC.

On November 8, 2017, at Arraignment, Defendant asserted his right to speedy trial. Jury selection and Trial in this matter was set to commence on December 20, 2017.

On December 5, 2017, Defendant filed a Motion to Dismiss for the Allegation is De Minimis. On December 22, 2017, the Government filed its Opposition. On December 29, 2017, Defendant filed his Reply as well as an Exhibit filed under seal. On January 3, 2018, the Court heard oral arguments on the motion and gave Defendant leave to file supplemental pleadings based on additional discovery. On January 5, 2018, Defendant filed an Addendum Reply to the Government's Opposition as well as an Exhibit under seal in support.

## DISCUSSION

Defendant moves the Court to dismiss this matter because it is De Minimis under 9 G.C.A. § 7.67. Section 7.67, Appropriateness of Prosecution, provides:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

---

[1] Codefendant Manibusan entered into a Plea Agreement with the Government on January 10, 2018. (Plea Agreement, Jan. 10, 2018).

*People v. Pangelinan*
Case No.CF0600-17
Decision and Order

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be in appropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (agreeing with 9 G.C.A. § 7.67 commentary).

In this case, Defendant argues that the Government has not provided any evidence that the cell phone in question was used or that it could be used as a communication device, and he is not eligible for parole. (Mot. Dismiss at 2). Additionally, Defendant argues that any prison security issues are best left to the DOC administration and that there is no or little Government interest in the prosecution of Defendant in this matter. *Id.* at 3. The Government opposes, arguing that the nature of Defendant's conduct does not qualify it as *de minimis*, and "was exactly the type of conduct that the statute was designed to prevent in order to ensure the safety of the community" and Defendant's life sentence without parole does not mitigate his conduct. (Opp'n at 2). Further, according to the Government, the cell phone at issue was capable of sending and receiving messages during the time alleged. *Id.*

For the purpose of this motion, the Court assumes as true all the factual allegations against Defendant. *Perez*, 2004 Guam 4 ¶ 16. The Indictment charges Defendant as follows:

## SIXTH CHARGE

On or about the 27th day of September, 2017, in Guam, FRANK EDWARD PANGELINAN, did commit the offense of *Promotion of Major Prison Contraband (Communication Device)*, in that, he possessed within a detention

facility any telecommunication or digital equipment prohibited by statute, rule or policy that provides communication, either in written or verbal messages, or through the transmission of electronic data via the internet, in violation of 9 GCA §§ 58.60(a)(2)(C), 58.60(c)(3) & E.O. 94-19 D.O.C.R.R. Sec. 307 Code #304 & #325.

(Indictment at 3). According to the portion of an affidavit for a search warrant submitted under seal, two DOC officers discovered the cell phone in Defendant's cell on September 27, 2017, when they conducted an unannounced shakedown around 4:40 p.m. *See* Ex. filed under seal, Dec. 29, 2017. A subsequent search of the cell phone itself indicates that there were several phone calls that took place on September 26 and 27, as well as fourteen (14) SMS Messages logged on the phone. *See* Ex. filed under seal, Jan. 5, 2018.

The Rules and Regulations of the Guam Department of Corrections ("DOCRR") were approved under Executive Order 94-19 (Dec. 30, 1994). Pursuant to the DOCRR:

> There are four (4) categories of prohibited acts: Greatest, High, Moderate, and Low. Specific sanctions are authorized for each category. Imposition of a sanction requires that the inmate be first found to have committed a prohibited act.

(E.O. 94-19 at 8). Section 3.7 provides a listing of prohibited acts that are classified under the "moderate misconduct category," which includes code numbers 304 and 325, prohibited acts Defendant allegedly committed by possessing the cellular device, as well as a Schedule of Sanctions that may be imposed for inmates found to have committed the prohibited act(s). *See* Indictment; E.O. 94-19 at 14-17.

**Code # 304**: Possessing unauthorized items for retention or receipt by the inmate, and not issued the inmate through regular channels.

**Code # 325:** Possessing, manufacturing, or introducing unauthorized property.

(E.O. 94-19 at 14).

The Government argues that "[t]here is nothing about Defendant's conduct, possession of a cellular phone while in detention at DOC, putting the safety of DOC personnel / and other inmates at risk, that would qualify it as *de minimis*." (Opp'n at 2). The Court notes however, that Defendant was not charged with Code # 112: Conduct which disrupts or interferes with the

security or orderly running of the Department. The Court acknowledges that the Government has a significant interest in preventing major prison contraband involving controlled substances, but does not find this to be the case for Defendant. Defendant is charged with Promotion of Major Prison Contraband based on possessing a cell phone, not based on possessing a Schedule II Controlled Substance. Further Defendant is not charged with Conspiracy to Promote Major Prison Contraband. The Court's review of the discovery submitted for its' in camera review does not clearly tie Defendant to the alleged conspiracy. The Court believes that DOC's administration can sufficiently address Defendant's violation of Code numbers 304 and 325 based on its own internal Rules and Regulations.

Therefore, upon review of the facts of the case specific to Defendant, the Court finds it appropriate to dismiss the matter under 9 G.C.A. § 7.67(b) and GRANTS Defendant's Motion.

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss.

**IT IS SO ORDERED,** *nunc pro tunc* to **January 31, 2018,** this **FEB 1 2 2018**_____.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_KGY / POLE_

FEB 1 2 2018 Date: Time: /35 pm

Deputy Clerk, Superior Court of Guam

*People v. Pangelinan*
Case No.CF0600-17
Decision and Order